UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-CV-0134-CVE-FHM |
| ) | |
| REAL PROPERTY COMMONLY KNOWN ) | |
| AS 6449 EAST FERRY, SALINA, MAYES ) | |
| COUNTY, OKLAHOMA, WITH ALL ) | |
| BUILDINGS, APPURTENANCES, AND ) | |
| IMPROVEMENTS THEREON, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is the Amended Motion for Relief from Judgment (Dkt. ## 28, 31) filed by Gina Sitsler ("Sitsler") and the Motion to Stay (Dkt. # 29) filed by Sitsler. In her motion for relief from judgment, Sitsler seeks relief from the Judgment of Forfeiture (Dkt. # 27), entered by this Court on June 26, 2006, pursuant to Fed. R. Civ. P. 60(b)(1). She argues that the Court should grant her motion for relief from the judgment on the ground of "excusable neglect" in failing to timely file a claim and answer to the complaint for forfeiture. In her motion for stay, Sitsler asks the Court to allow her to remain in her residence pending her motion for relief from the judgment. The United States of America requests that her motions be denied because strict compliance with the timing rules is required in forfeiture proceedings, her attorney's negligence does not excuse an untimely claim, and Sitsler lacks standing to bring the Rule 60(b) motion. The United States further argues that it will be prejudiced if the motion is granted, the delay was within the reasonable control of Sitsler, Sitsler failed to act in good faith, and Sistler's lacks a meritorious claim to the underlying defense.

**I.**

On June 15, 2005, Charles Smallwood, Lieutenant Investigator with the Mayes County Sheriff's Office, served a search warrant at Sitsler's residence, 6449 East Ferry, Salina, Oklahoma. He found substantial amounts of marijuana in the house, as well as planted marijuana plants on the balcony, and twenty four marijuana plants in the yard. Dkt. # 39, Ex. A, Smallwood Affidavit, at 5-8. Sitsler was charged with Cultivation of Marijuana, Possession of Controlled Substance, and Possession of Paraphernalia in the case of State of Oklahoma v. Gina Sitsler, et al., Case No. CF-05-00185 in the District Court of Mayes County, Oklahoma. Dkt. # 32, Ex. B.

In addition to the criminal charges, the United States initiated an action to forfeit and condemn to the use and benefit of the government the property under 21 U.S.C. § 881, et seq., on the ground that the property was used, or intended to be used, to commit or to facilitate the commission of a violation of the drug control laws of the United States. On February 6, 2006, prior to filing the forfeiture case, the United States sent a letter to Tilman E. Pool, Jr. ("Pool"), counsel for Sitsler in the pending state criminal case. Dkt. # 32, Ex. C. The letter advised Pool that the United States was finalizing a complaint for forfeiture of the real property and inquired whether he was authorized to accept service of the summons and forfeiture complaint on behalf of Sitsler. Pool did not respond to this letter.

The United Stated filed a verified complaint for forfeiture in rem on March 2, 2006, alleging that the real property commonly known as 6449 East Ferry, Salina, Mayes County, Oklahoma, with all buildings, appurtenances, and improvements thereon ("Real Property") was subject to forfeiture pursuant to 21 U.S.C. § 881(a). Dkt. # 2. On March 7, 2006, the Court entered a warrant of arrest for Real Property. Dkt. # 7. The Court ordered the United States Marshal for the Northern District

of Oklahoma to publish notice once a week for three consecutive weeks in the <u>Tulsa Daily Commerce & Legal News</u> and in the <u>Pryor Daily Times</u>, and to serve the defendant Real Property and all known owners of the defendant Real Property with a copy of the complaint for forfeiture <u>in rem</u> and the warrant of arrest for Real Property. Dkt. # 7. As ordered, the United States Marshals Service gave public notice of this action in the publications cited above. The United States Marshals Service also personally served a copy of the complaint for forfeiture <u>in rem</u> and the warrant for arrest for Real Property on the defendant Real Property on March 24, 2006. Dkt. # 11.

Sitsler, Mortgage Electronic Registration Systems, Inc., GMAC Mortgage Corporation, Amiercash, Mayes County Board of Commissioners and Mayes County Treasurer were determined to be the only known persons or entities with standing to file a claim in the forfeiture action. On March 9, 2006, the United States sent a copy of the forfeiture complaint to Pool via facsimile. Dkt. # 32, Ex. D. The letter set forth the requirements for filing a claim within 30 days of service and an answer 20 days after the filing of the claim. The United States again asked Pool for written confirmation that he was authorized to accept service for Sitsler. <u>Id.</u> Pool did not respond to the request. Therefore, on March 24, 2006 the United States Marshals Service personally served Sitsler with a summons, civil complaint for forfeiture of Real Property <u>in rem</u>, warrant of arrest for Real Property, notice of civil complaint for forfeiture against Real Property, and notice of <u>lis pendens</u>. Dkt. # 10. The summons advised Sitsler that she must file her claim within 30 days of service of the summons and her answer within twenty days after filing her claim. Dkt. # 32, Ex. E.

On June 23, 2006, an Expedited Settlement Agreement between the United States and GMAC Mortgage Corporation was filed. Dkt. # 20. According to the agreement, after the payment of outstanding taxes and expenses of custody and sale by the United States Marshal Services,

GMAC would be paid the unpaid principal in the amount of $159,832.95, interest in the amount of $9,568.13, advanced Hazard Insurance premiums in the amount of $6,672, advanced ad velorem taxes in the amount of $426.02, and foreclosure expenses of $2,375.

On June 23, 2006, the Court Clerk entered default as to all parties in interest, if any, to the defendant Real Property, for failure to plead or otherwise defend, except GMAC. Dkt. # 26. On June 26, 2006, the Court entered a judgment of forfeiture (Dkt. # 27), from which Sitsler seeks relief.

**II.**

Fed. R. Civ. P. 60(b) provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b) "'is an extraordinary procedure' which 'seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of *all* the facts.'" Jennings v. Rivers, 394 F.3d 850, 856 (10th Cir. 2005) (citations omitted) (emphasis in original).

"For purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which failure to comply with a . . . deadline is attributable to negligence." Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 394 (1993). The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Id. at 395. Relevant factors include "the danger of prejudice to the [opposing

4

party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. Additionally, whether the moving party's underlying claim is meritorious is a consideration. Jennings, 394 F.3d at 857.

Ultimately, whether to grant a motion for relief from judgment under Rule 60(b) is in the discretion of the Court. Wilkkin v. Sunbeam Corp., 466 F.2d 714 (10th Cir. 1972). The cases calling for the greatest liberality in granting Rule 60(b) motions involve default judgments. "There is much more reason for liberality in reopening a judgment when the merits of the case never have been considered than there is when the judgment comes after a full trial on the merits." 11 C. Wright, A. Miller, and M. Kane, FEDERAL PRACTICE AND PROCEDURE, § 2857 (2d ed. 1995). At the same time, "[t]he policy of the law to favor a hearing of a litigant's claim on the merits must be balanced against the desire to achieve finality in litigation." Id.

### III.

The Supplemental Rules for Certain Admiralty and Maritime Claims specifically apply to the federal forfeiture proceedings at issue in this case. 21 U.S.C. § 881(b). According to Rule C(6), in an in rem forfeiture action for violation of a federal statute,:

> a person who asserts an interest in or right against the property that is the subject of the action must file a verified statement identifying the interest or right:
> (A) within 30 days after the earlier of (1) the date of service of the Government's complaint or (2) completed publication of notice under Rule C(4), or
> (B) within the time that the court allows.

Fed. R. Civ. P. R. (C)(6). Additionally, "a person who asserts a right of possession or any ownership interest must serve an answer within 20 days after filing the statement of interest or right." Id. A

5

claimant wishing to defend all or part of a defendant property in a civil forfeiture case must satisfy the requirements of Supplemental Rule C(6).

As the Tenth Circuit noted, "The purpose of the time restriction in Supplemental Rule C(6) is 'to force claimants to come forward as soon as possible after forfeiture proceedings have been initiated so that all interested parties can be heard and the dispute resolved without delay.'" United States v. 51 Pieces of Real Property, Roswell, New Mexico, 17 F.3d 1306, 1318 (10th Cir. 1994) (quoting United States v. 1983 Yukon Delta Houseboat, 775 F.2d 1432, 1436 (9th Cir. 1985)). The purpose of the verification requirement is to prevent false claims. Id. For the most part, courts have required strict compliance with the time periods set forth in Rule C(6) so as not to undermine the purpose of the timing and verification requirements. Id. (noting that the court should exercise its discretion to allow a late claim "only if the goals underlying the time restriction and the verification requirement are not thwarted" (citation omitted)); United States v. Commodity Account No. 549 54930 at Saul Stone & Co., 219 F.3d 595, 598 (7th Cir. 2000) (noting that strict compliance with Rule C(6) is "typically required").

Here, Sitsler does not deny that she was served with the summons, civil complaint for forfeiture of Real Property in rem, the warrant for arrest, notice of civil complaint for forfeiture against Real Property, and notice of lis pendens. Dkt. # 31, ¶ 2. Sitsler also admits that she "failed to file any document asserting an interest or right in the real property within thirty days of service of complaint or of publication." Id., ¶ 5. However, Sitsler claims that the failure to file a verified statement or otherwise assert claim to the Real Property was the result of excusable neglect. Id., ¶ 6. Sitsler claims that she "believed her attorney, on the underlying criminal matter, giving rise to the action for forfeiture, to be handling the forfeiture action on her behalf." Id., ¶ 7. She claims that

6

she only realized that a claim had not been asserted when she received notice to vacate the Real Property on July 06, 2006. Id., ¶ 8. As a result of her and Pool's neglect, Sitsler asks the Court to grant her relief from the judgment of forfeiture under Fed. R. Civ. P. 60(b).

The Court first notes that Sitsler lacks statutory standing[1] under Rule 60(b). As noted in Section II, above, Rule 60(b) permits the court to relieve "a <u>party</u> or a <u>party's legal representative</u> from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b) (emphasis added). The person seeking relief under Fed. R. Civ. P. 60(b), therefore, must be a party. Here, however, Sitsler failed to file verified claim, as required by Supplemental Rule C(6). "If no claim is filed, a putative claimant lacks standing to contest a forfeiture." <u>United States v. One Urban Lot</u>, 978 F.2d 776, 778 (1st Cir. 1992); <u>see</u> <u>also</u> <u>United States v. 8136 S. Dobston Street, Chicago, Illinois</u>, 125 F.3d 1076, 1082 (7th Cir. 1997) (hereinafter <u>Dobson Street</u>). Indeed, "absent the claim, the putative claimant is not a party to the action." <u>Dobson Street</u>, 125 F.3d at 1082. Having failed to file the verified claim, Sistler is not a "party" to the action and does not have standing to bring the Rule 60(b) motion. <u>See</u> <u>id.</u> (holding that the claimant did not file a verified claim, therefore was not a "party" and lacked standing to bring a Rule 60(b) motion); <u>United States v. 5145 North Golden State Boulevard</u>, 135 F.3d 1312, 1317 (9th Cir. 1998) (holding that the claimant did not have statutory standing to bring a motion under 28 U.S.C. § 636(c)(1), which requires the consent of "parties," because the claimant had not filed a verified claim).

---

[1] Statutory standing in civil forfeiture actions is distinct from Article III standing. Statutory standing is established by filing a timely verified claim pursuant to Rule C(6) of the Supplemental Rules. To establish Article III standing, a claimant must allege a distinct and palpable injury to himself that is the direct result of the government's seizure of the property. A person must have both statutory standing and Article III standing in order to defend a civil forfeiture suit as the claimant of the defendant property. <u>See</u> D. Smith, 1 PROSECUTION AND DEFENSE OF FORFEITURE CASES, § 9.04[2][a].

7

Sitsler claims, however, that the Court should grant her relief from the judgment because she failed to file a verified claim as a result of "excusable neglect." Thus, before denying Sitsler's motion on statutory standing grounds, the Court will determine whether, despite Sitsler's admitted failure to comply with Rule C(6) of the Supplemental Rules, the Court should relieve her of the judgment under Fed. R. Civ. P. 60(b)(1). The Court first will address whether Sitsler's failure to file a claim was due to justifiable neglect and then whether she has a defense to the forfeiture that would have been successful on the merits.

In some cases, courts have granted a claimant relief from a judgment of forfeiture when the claimant failed to file a verified complaint based on the inadequate notice of the forfeiture proceedings. For example, in United States v. One Parcel of Real Property, 763 F.2d 181, 183 (5th Cir. 1985), the Fifth Circuit held that the district court abused its discretion in failing to set aside the default judgment because the United states failed to give the claimant proper notice of the forfeiture proceeding.[2] See also D. Smith, 1 PROSECUTION AND DEFENSE OF FORFEITURE CASES, § 10.06[1] (" A forfeiture claimant is most likely to be granted relief [under Fed. R. Civ. P. 60(b)] when he or she has received inadequate notice of the suit or of the motion for default judgment."). Here, however, there is no question that both Sitsler and her attorney in the criminal proceedings received notice of the forfeiture proceedings. The United States sent Sitsler's attorney, Pool, two letters informing him of the property forfeiture proceedings. The United States then personally served

---

[2]   That case involved the setting aside of a default judgment under Fed. R. Civ. P. 55(c), as compared to setting aside a judgment of forfeiture under Fed. R. Civ. P. 60(b). The court noted, "Although a motion to set aside a default decree under Fed. R. Civ. P. 55(c) is somewhat analogous to a motion to set aside a judgment under Fed. R. Civ. P. 60(b), the standard for setting aside a default decree is less rigorous than setting aside a judgment for excusable neglect." One Parcel of Real Property, 763 F.2d at 183.

Sitsler with the summons and all relevant court documents pertaining to the proceedings. The summons clearly set forth the procedure that Sitsler had to follow with respect to filing a verified claim and an answer. Dkt. # 32, Ex. E. Thus, here, the neglect was not justifiable for lack of notice.

Even where a claimant is properly served, courts sometimes allow a claim to be filed out of time on the ground of excusable neglect.³ In weighing the equities, some of the factors include:

> when the claimant became aware of the seizure, whether the claimant was properly served, whether the government would be prejudiced, whether the government encouraged the delay or misguided the claimant, whether the claimant informed the government and the court of his interest before the deadline, whether the claimant had expended resources preparing for trial, the claimant's good faith, the claimant's health problems, whether the government has complied with the procedural rules, and whether the claimant was acting pro se.

Borromeo, 945 F.3d at 753. Here, the Court finds the none of these factors weighs in favor of Sitsler. Far from encouraging the delay, the government made several attempts to notify Sitsler of the proceedings and even outlined the proper procedures to make a claim. Given that the government has already entered an agreement with GMAC, the United States would be prejudiced if the Court were to grant Sitsler's motion for relief. The government properly adhered to the procedural requirements of Supplemental Rule C(6) and 18 U.S.C. § 983. Also, claimant was not acting pro se; she had counsel from whom she could have sought advice about the proper procedures

---

³ Many of the cases discussing excusable neglect in property forfeiture actions concern instances where the district court denied the claimant's request to file a verified claim and answer after the time frame set forth in Supplemental Rule C(6) but before a default judgment. See, e.g., 51 Pieces of Real Property, 17 F.3d at 1318-19; United States v. Borromeo, 945 F.2d 750, 753 (4th Cir. 1991). The Court notes that a claimant, like Sitsler, seeking relief after a judgment of forfeiture has been entered faces a steeper uphill battle. See D. Smith, 1 PROSECUTION AND DEFENSE OF FORFEITURE CASES, § 9.04[1] ("Where a claimant fails to file any responsive pleadings and a default judgment is entered, the claimant will be in a more difficult position than if the claim merely had not been filed on time. The claimant must then satisfy the demanding standards for setting aside a default judgment under Rule 60(b).").

9

to follow. Finally, while Sitsler claims that she was acting in good faith, Dkt. # 31, at 4, this conclusory statement is certainly insufficient to show that the failure to adhere to the Rule C(6) procedures was the result of excusable neglect.

Finally with respect to the issue of excusable neglect, the Court must determine whether Pool's failure to aid her with the forfeiture proceedings is "excusable neglect" within the meaning of Rule 60(b)(1). For the most part, courts have not allowed an attorney's negligence to excuse an untimely claim. See United States v. 7108 W. Grant Ave., Chicago, Ill., 15 F.3d 632, 633 (7 Cir. 1995) (denying claimant's motion for relief under Rule 60(b) because "[m]alpractice, gross or otherwise, may be good reason to recover from the lawyer but does not justify prolonging litigation against the original adversary."); United States v. Parcel of Land Known as Woburn City Athletic Club, 928 F.2d 1 (1st Cir. 1991) (noting that there are only rare occasions where gross neglect by an attorney may require relief under Rule 60(b)).[4] The Court recognizes that a minority of cases hold that an attorney's mistake or ignorance constitutes excusable neglect under Rule 60(b). For example, in United States v. One 1966 Chevrolet Pickup Truck, 56 F.R.D. 459 (E.D. Tex. 1972), the court held that, where the attorney filed a claim in an administrative forfeiture proceeding and, through ignorance, never filed a verified claim or answer under Rule C(6) of the Supplemental Rules, the attorney's failure to file a claim was excusable neglect under Fed. R. Civ. P. 60(b). In that case, the attorney had made several calls to the United States Attorney's office to ascertain the "proper moves in a forfeiture proceeding," and the United States had notice of the claimant's "clear

---

[4] In addition, other cases involving motions to file claims late but before default judgment has been entered hold that attorney neglect does not constitute "excusable neglect." See Commodity Acc't No. 549 54930 at Saul Stone & Co., 219 F.3d at 598; United States v. $88,260.00 in U.S. Currency, 925 F. Supp. 838 (D. D.C. 1996); United States v. $1,437.00 in U.S. Currency, 242 F. Supp. 2d 193 (W.D. N.Y. 2002).

purpose to defend" the suit. Id. at 462-63. Here, the situation is distinctly different. Despite receiving two notices of the proceedings outlining the specific procedure for filing a verified claim and answer, Pool did not respond. This lack of response, coupled with Sitsler's failure to respond, did not give notice to the United States that Sitsler planned to defend the suit. Particularly where, as here, other entities have significant interests in the Real Property, the government cannot assume that every potentially interested party intends to challenge the forfeiture action. "So long as the Government takes the steps mandated by due process to notify the record owner of an impending forfeiture, it is the owner's responsibility to comply with the procedural requirements for opposing the forfeiture." 5145 North Golden State Boulevard, 135 F.3d at 1317. Thus, consistent with majority view, the Court determines that Pool's neglect does not constitute "excusable neglect" under Fed. R. Civ. P. 60(b).

In addition to finding that Sitsler's failure to file a verified claim and answer was not justifiable, the Court finds that Sistler has failed to present any evidence that she would be successful on the merits. As noted in Section II, above, the Court must consider whether the moving party's underlying claim is meritorious in determining whether to grant relief from a judgment under Rule 60(b). Jennings, 394 F.3d at 857. During the search of Sitsler's residence, police found not only large amounts of marijuana in the house, but also marijuana potted plants on the balcony and twenty-four marijuana plants growing in the yard. Dkt. # 32, Ex. A, at 6-7. This evidence strongly supports the government's determination that the property was used for illegal purposes and thus subject to civil forfeiture. Sitsler sets forth no evidence to belie the government's complaint. Therefore, the Court has no evidence that Sitsler would prevail on the merits.

**IV.**

In summary, the Court denies Sitsler's motion for relief from the judgment of forfeiture. The Court notes that Sitsler is not a "party," and thus does not have statutory standing to bring a motion under Rule 60(b). The Court finds that Sitsler's lack of standing, due to her admitted failure to adhere to the procedures in Supplemental Rule C(6), was not the result of "excusable neglect," as determined under Rule 60(b). Rather, the Court finds that Sitsler had notice of the proceedings, including instructions regarding when to file the verified claim and answer. She set forth no justifiable reason why she did not comply with the requirements of Rule C(6) or request an extension of time. Her attorney's neglect does not excuse her lack of action. The equities, therefore, are not in Sitsler's favor, and the Court finds compelling the interest in securing the finality of its judgments. Finally, the Court finds that Sitsler's motion for relief fails because she sets forth no evidence that she would be successful on the merits. Therefore, the Court denies Sitsler's motion for relief from the judgment of forfeiture. Given that the Court denies this motion for relief from the judgment, the motion to stay is moot.

**IT IS THEREFORE ORDERED** that Amended Motion for Relief from Judgment (Dkt. ## 28, 31) filed by Gina Sitsler is **denied**. The Motion to Stay (Dkt. # 29) filed by Sitsler is **moot**.

**DATED** this 30th day of October, 2006.

*[Signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT